## HADDAD et al. v. HADDAD.

No. 20381. Opinion Filed Oct. 27, 1931.

Swan C. Burnette, for plaintiffs in error.

Chas. E. Wells, for defendant in error.

HEFNER, J. This action was brought in the district court of Pottawatomie county by Maude Chapman against B. Haddad, Mitchell Haddad, and Salema Haddad to foreclose a mortgage on certain city property in the city of Shawnee. There is no controversy as to the mortgage. Judgment was rendered foreclosing it and no appeal was taken from that part of the judgment.

The controversy arises between Salema Haddad and Mitchell Haddad over the equity of redemption in the property. The mortgage was executed to plaintiff by B. Haddad. He and Salema Haddad were at that time husband and wife. Mitchell Haddad is a son of B. and Salema Haddad and claims the equity in the property under deed from his father B. Haddad. The deed was executed November 2, 1927. On the 5th day of December, 1927, Salema Haddad brought an action for divorce against her husband, and in her petition alleged that the property here involved together with other property was acquired subsequent to marriage by the joint industry of both and prayed that she be granted a

divorce and that the particular property be awarded her as alimony. A decree was entered accordingly. The service on defendant in the divorce action was by publication. There is nothing in the record to show that it was irregular and, in the absence of such showing, since the judgment recites proper service, we must presume that it was sufficient in all respects to support the judgment.

Salema Haddad filed a cross-petition in the present action claiming the property under the divorce decree and further pleading that the deed from her husband to Mitchell Haddad was without consideration and in fraud of her rights, and prayed that it be canceled and set aside and that the equity in the property be awarded to her.

The trial court sustained her contention and entered judgment accordingly. B. Haddad and Mitchell Haddad, who will hereafter be referred to as plaintiffs in error, bring the case here for review and assert that the judgment as to defendant in error is erroneous for the reason that the decree awarding her the property in the divorce action is void on its face. This contention is based on the hypothesis that alimony cannot be awarded on constructive service, that such judgment is in the nature of a personal judgment, and that personal service is necessary to support it. This is, no doubt, the general rule. The authorities uniformly hold that a general money judgment for alimony is a personal judgment and cannot rest on constructive service. The authorities, however, are in conflict as to whether a judgment awarding specific property as alimony may be had on such service without a specific seizure of the property sought to be awarded by attachment or other process. Many authorities hold that property may be set aside to the wife as alimony on constructive service where the petition and publication notice specifically describes the property sought to be set aside without other seizure of the property. This, it is held, constitutes a sufficient seizure of the property to confer jurisdiction upon the court authorizing it to set aside the property as alimony. This view has been adopted by this court in the case of Hamil v. Hamil, 106 Okla. 14, 232 P. 823. It is there said:

"Where the plaintiff, a resident of this state, brings suit for divorce and alimony, and alleges that the defendant is a nonresident but has property within the jurisdiction of the court, describing same in her petition and publication notice, and obtains service by publication, she may make any person having possession of the defendant's property, or holding the same in trust for him, a party to such action for the purpose

of applying the property in payment of the alimony that may be awarded her, and this will be sufficient seizure of the property to give the court jurisdiction of same, and to render judgment for alimony against the defendant."

The court in the opinion cites the case of Wesner v. O'Brien (Kan.) 44 Pac. 1090. It is there said:

"The land sought to be appropriated as alimony was within the state and the operation of its laws, and subject to the control and disposition of its courts. The wife asked that this particular tract be subjected to the payment of her claim for support, definitely describing it in her petition, and setting out facts entitling her to alimony. That such relief was demanded was expressly stated in the publication notice wherein the land was particularly described. In this way the land was brought before the court, and subjected to its control. It is true, as the authorities cited by the defendant in error show, that upon such a notice a judgment for money, or one which could be enforced against the person of the defendant. cannot be rendered. A court has no authority to render a judgment in personam without obtaining jurisdiction of the person of the defendant. Here, however, the land was brought within the control of the court in what was substantially a proceeding in rem. The complaining wife was here. The land sought to be subjected as alimony was here. She had an inchoate interest in the land, which possessed the element of property to such a degree that she could maintain an action during the life of her husband for its protection. and for relief from fraudulent alienation by her husband."

We do not think it necessary to enter into a discussion of the authorities on this question, as in our opinion, the case of Hamil v. Hamil, supra, settles the issue in favor of defendant in error.

Plaintiffs in error further contend that the judgment is against the clear weight of the evidence. We do not think so. The evidence is conclusive that the property was accumulated subsequent to marriage. That it was so accumulated by the joint labor of both parties. Title was taken in the name of the husband. He conveyed it to plaintiff in error with full knowledge that defendant in error was about to file an action against him for divorce and division of the property. Plaintiff in error took title with full knowledge of these facts. There is evidence to the effect that he did so with the intent to defeat defendant in error from obtaining a division of the property. The only consideration for the deed was plaintiff in error's agreement to support his father. The defendant in error had an equitable interest in the property. The conveyance was a legal fraud on her rights. The judgment setting it aside is therefore correct, and must be affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.