## COMMONS et al. v. BRAGG.

No. 28319.    May 24, 1938.

Rehearing Denied June 14, 1938.

J. G. Austin and Ray McNaughton, for plaintiffs in error.

Frank Nesbitt and Nelle Nesbitt, for defendant in error.

CORN, J.   Glenn T. Bragg was awarded $4,000 by order of the State Industrial Commission under the Workmen's Compensation Law for certain injuries.   The insurance carrier, the United States Fidelity & Guaranty Company, a corporation, delivered to A. L. Commons and Homer Chandler, a law partnership which had represented Bragg in the proceedings before the State Industrial Commission, a check or draft for the amount of the award less the attorneys' fee of $400.   Before Commons and Chandler could deliver the check or draft to Bragg, who was out of the state, Elizabeth Bragg, wife of said Glenn T. Bragg, brought suit for divorce in the district court of Ottawa county, Okla., and joined said A. L. Commons and Homer Chandler as party defendants alleging that they had in their possession the proceeds of the award of the Industrial Commission due and owing the defendant Bragg, and prayed that said A. L. Commons and Homer Chandler be enjoined from delivering said money, draft, or check to the defendant Bragg until the plaintiff's right to alimony and support money for their minor child be determined by the court. Plaintiff further alleged that the defendant Bragg, her husband, was committed to the Northeastern State Hospital at Vinita, Okla,. after he was injured, and, upon being restored to competency, moved to the home of his parents in Neosho, Mo., on November 4, 1937; that he had refused to return to their home in Ottawa county, Okla., and has refused and neglected to provide for and support the plaintiff and their minor child, and that if the proceeds of the compensation award are delivered to the defendant Bragg, it will leave the plaintiff and their minor child without means of support.   Plaintiff prays for $2,000 permanent alimony to enable her to support herself and her child and to educate said child.

A temporary injunction was granted by the trial court as prayed for in the petition. Upon the plaintiff's filing an amended petition praying that the United States Fidelity & Guaranty Company likewise be enjoined from delivering to said Glenn T. Bragg any moneys, check, or draft which might be due and owing him by virtue of the award of the State Industrial Commission, the trial court so ordered.   Subsequently a hearing was held upon defendants' application to set aside the temporary injunction.   The trial court denied said application and continued the injunction pending final determination of the divorce action.   Defendants' motion for a new trial was overruled and they bring this appeal.

The plaintiff's cause of action for divorce is not involved in this appeal, nor

is the question as to the amount of alimony and support money for the minor child to be awarded, if any, before this court. These questions are yet to be determined by the lower court in the trial upon the merits of the action for divorce.

The plaintiffs in error correctly stated the principal question for our determination on this appeal in the following statement in their brief:

"Are the funds derived from the Workmen's Compensation Act by virtue of an award from the Industrial Commission subject to execution or impoundment to pay alimony or support money in view of the provisions of section 13372, O. S. 1931, as amended by chapter 29, S. L. 1933?"

In so far as applicable to the case at bar, said section 13372, O. S. 1931, as amended by chapter 29, sec. 1, S. L. 1933, provides:

"Section 1. That section 13372, Okla. Stats. 1931, be and the same is hereby amended to read as follows: 'Section 13372. Claims Nonassignable—Exempt from All Process. Claims for compensation or benefits due under this act shall not be assigned, released or commuted except as provided by this act, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees: provided, however, that an award made to a claimant under the provisions of this chapter shall, in case of death of claimant, be payable to and for the benefit of the persons following. * * *' "

Our conclusion in the instant case depends upon whether a wife's claim for alimony and allowance for support of a minor child is a debt and the wife a creditor within the meaning of section 13372, O. S. 1931, supra. This question has not been passed upon by this court nor do we find a similar Workmen's Compensation Law exemption provision to have been construed by other courts where this question was presented.

In the recent case of In re Allen's Guardianship, 182 Okla. 512, 78 P.2d 700, we held the proceeds of an award of the Industrial Commission under the Workmen's Compensation Law, which had been paid to the injured employee and deposited in a bank, unmingled with other funds, were exempt from all claims of creditors and from levy, execution, and attachment or other remedy for the recovery or collection of a debt by reason of section 13372, O. S. 1931, supra. However, that decision does not control the case at bar, because the

claim in the foregoing decision involved a contract debt for rent.

In order to determine whether the wife is a creditor and her claim for alimony a debt we must determine the legislative intent in enacting such a provision. An examination of the decisions of this court and others in construing other exemption provisions, both statutory and constitutional, will shed light upon the problem. In Haven v. Trammell, 79 Okla. 309, 193 P. 631, we held that "where, in a divorce, alimony in money is decreed, which is adjudged to be a lien upon all the real estate owned by the defendant in the state, the homestead of the defendant husband, owned at the time such judgment is rendered, may be legally levied upon and sold for the payment of said alimony," notwithstanding that section 1642, O. S. 1931, provides said homestead shall be exempt from attachment or execution or forced sale for payment of debt. This is in accord with the great weight of authority. See annotations in 11 A. L. R. 123 and 106 A. L. R. 669 and 580. In passing upon this question the Alabama court, in Ford v. Ford, 78 So. 873, said that it would be anomalous to hold that exemption of the homestead should operate to prejudice the wife and children in a contest with the husband as to alimony and support money when the principal reason for the exemption was to secure the wife and children.

In another line of decisions various courts have held that the husband's personal wages, exempt from claims of creditors, were not exempt from a wife's claim for alimony, because a decree for alimony was not a debt within the meaning of the constitutional and statutory provisions exempting such wages from the claims of creditors. Littleton v. Littleton (Ala.) 139 So. 335; Caldwell v. Central Georgia Ry. (Ga.) 123 S. E. 708; Bates v. Bates, 74 Ga. 105.

More analogous to the case at bar are those cases where it was contended that a pension, being exempt from the claims of creditors, was likewise exempt from the wife's claim of alimony or support money. In Hollis v. Bryan, 143 So. 687, which was followed in Stirgus v. Stirgus, 160 So. 285, the Mississippi court said:

"We are of the opinion that the term 'creditor' used in the federal act (World War Veterans Act, 38 U. S. C A. sec. 454) has reference to an ordinary contractual obligation by which creditors and debtors are created, and that a wife is not a creditor within the meaning of the statute, and that therefore, a demand for alimony does not come within the terms of the statute

exempting soldiers' compensation from claims of creditors."

The purpose of giving an exemption was to keep the allowance for the soldier and his dependents.

In Zwingmann v. Zwingmann, 134 N. Y. S. 1077, the wife had been awarded separate maintenance, and the husband thereupon moved out of the state. When he refused to make the payments ordered by the court, the wife obtained an order of the court directing that a certain portion of her husband's policy pension be paid directly to her each month. This pension was the husband's sole source of income and the charter of the city of New York, Greater New York Charter, sec. 352, provided that the "pension fund, and all pensions granted and payable from said fund shall be and are exempt from execution and from all process and proceedings to enjoin and recover the same by or on behalf of any creditor or person having or asserting any claims against, or debt or liability of, any pensioner." The court held that the whole purpose of the statute was served when the fund is preserved for the use of the pensioner and those legally dependent upon him for support and maintenance. Likewise, in Hodson v. New York City Employees' Retirement System, 278 N. Y. S. 16, the wife obtained a warrant of seizure of moneys due from the pension fund to her husband when he refused to support her and their minor child, and the court held that the exemption provision of the charter did not apply to the claim of a wife for support money.

We also find it is the general rule, supported by the weight of authority, that alimony is not a debt within constitutional or statutory provisions against imprisonment for debt. It being held that an order for the payment of alimony possesses different characteristics from an ordinary debt, since it is designed to secure the performance of a legal duty in which the public has an interest. Cain v. Miller (Neb.) 191 N. W. 704, 30 A. L. R. 125, and annotation beginning on page 130. Nor do the authorities support any distinction between temporary and permanent alimony. 30 A. L. R. 141.

Nor is a decree awarding alimony and allowance for support of minor children a debt within the meaning of the bankruptcy laws, and a discharge in bankruptcy does not bar the collection of alimony coming due subsequent to said discharge nor alimony which had accrued at the time of filing the petition for bankruptcy. Audubon v. Shufeldt, 181 U. S. 575, 45 L. Ed. 1010; Wetmore v. Markoe, 196 U. S. 68, 49 L. Ed. 390; Rape v. Lenz (Wash.) 276 P. 868; Barclay v. Barclay (Ill.) 56 N. E. 636; Cederberg v. Gunstrom (Minn.) 258 N. W. 574. In both Audubon v. Shufeldt, supra, and Wetmore v. Markoe, supra, the United States Supreme Court pointed out that alimony does not arise from any business transaction, but from the relation of marriage; that it is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife and that the decree is only a means designed by the law of carrying into effect and making available to the wife and children the right which the law gives them as against the husband and father.

Throughout the foregoing authorities it will be noted that emphasis is placed upon the legislative intent manifested by the various exemption statutes. All opinions pointed out, as did this court in Haven v. Trammell, that the exemption is not solely for the benefit of the party claiming the exemption, but is to protect his dependents. We can see no distinction between the foregoing exemption statutes and section 13372 so far as the legislative intent is concerned. This court has heretofore pointed out that in enacting the Workmen's Compensation Law "the Legislature intended the benefits of the act shall flow to the injured workmen and their dependents, in order to afford them a living and prevent them from becoming public charges." Corbin v. Wilkinson, 175 Okla. 247, 52 P.2d 45. The provisions of paragraphs a, b, c, and d, which were added to section 13372, O. S. 1931, by chapter 29, S. L. 1933, further discloses the intention of the Legislature that the proceeds of an award of the Industrial Commission under the Workmen's Compensation Law were to protect the dependents of the injured employee as well as the employee himself. These provisions provided that in case of the death of the claimant, the award was payable to dependents and did not go to his estate where his creditors might claim it. It would indeed be anomalous to hold that by reason of the exemption from claims of creditors as provided in the foregoing section the injured employee could avoid his obligation to support and maintain his wife and children when in fact the exemption was to assure them, as well as the husband, the necessities of life during his disability.

Consequently, section 13372, O. S. 1931, as amended by chapter 29, S. L. 1933, does not exempt the proceeds of an award of the Industrial Commission under the Workmen's Compensation Law from the claims

of the injured employee's wife for alimony and support money for their minor child. She is not a creditor nor her claim a debt within the purview of said section.

This court, in Sims v. Sims, 150 Okla. 138, 300 P. 692, 79 A. L. R. 414, and in prior decisions cited therein, held a wife to be a "quasi creditor" to the extent that she may take advantage of the statute against fraudulent conveyances (sections 10003-10013) where the defendant husband had endeavored to defeat the wife's collection of alimony by conveying his property. In the body of the opinion this court said:

"Now, if the wife, technically speaking, is not a creditor, she is included in the term 'other person,' in the statute regarding fraudulent conveyances; and when the husband, by cruel treatment, compels the wife to leave him and brings an action for divorce and alimony, she is a quasi creditor in relation to the alimony which the law awards to her."

That the above decision is not in conflict with the opinion expressed herein is manifest from the above quotation. The following statement in 1 Ruling Case Law, 866, further shows there is no conflict:

"A decree for alimony, therefore, is not due and payable either as damages or as a penalty; nor is it a debt in the strict legal sense of that term, but rather a judgment calling for the performance of a duty made specific by a decree of a court of competent jurisdiction, * * * though, so far as other methods of enforcement are concerned, the wife is generally considered a judgment creditor of her husband to the extent of being entitled to all the remedies given by statute to such creditors."

Defendants, the United States Fidelity & Guaranty Company, A. L. Commons, and Homer Chandler, contend "that making third parties to an action for divorce has never been countenanced by the courts except where the rights of such third parties were to be affected by the final decree." In Hamil v. Hamil, 106 Okla. 14, 232 P. 823, and followed in Haddad v. Haddad, 152 Okla. 264, 4 P.2d 110, this court said:

"Where the plaintiff, a resident of this state, brings suit for divorce and alimony, and alleges that the defendant is a nonresident, but has property within the jurisdiction of the court, describing the same in her petition and publication notice, and obtains service by publication, she may make any person having possession of the defendant's property, or holding the same in trust for him, a party to such action for the purpose of applying the property in payment of the alimony that may be awarded her, and this will be sufficient seizure of the property to give the court jurisdiction of same, and to render judgment for alimony against the defendant."

The plaintiff has proceeded herein in conformity with the foregoing opinion of this court.

The judgment is affirmed, with directions to the trial court to proceed to a final adjudication of the divorce action.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.