BRUNT v. LABADIE, Ex'r, et al.

*100 P. 2d 267.*

No. 29315.    Feb. 6, 1940.

Rehearing Denied March 19, 1940.

Smith & Siler and Nelson Rosen, both of Oklahoma City, for plaintiff in error.

MacDonald, Files & Barney, of Pawhuska, for defendants in error.

CORN, J.   The question involved in this appeal is whether or not the income from a deceased Osage Indian's headright accruing after the death of such allottee can be subjected to the payment of a judgment for accrued alimony at the time of the death of said allottee.

Mamie Brunt, on November 27, 1928, obtained a judgment for alimony against Joseph L. Brunt in the sum of $10,000, payable in quarterly installments of $375 each, and later obtained an absolute divorce from him. The judgment was made a lien upon certain property, which was sold and the proceeds therefrom in the sum of $794.54 applied on said judgment. No further recovery was had upon the judgment during the lifetime of Joseph L. Brunt, and all installments matured and the entire balance of the judgment was due and payable prior to his death.

The said Joseph L. Brunt was an Osage Indian of less than one-half blood and possessing a certificate of competency. He died testate on July 2, 1937, leaving by his will the income from his Osage headright to his mother and the remainder, at her death, to three nephews. Mamie Brunt filed a claim upon her judgment against the estate, which consisted of no other property than the headright. The claim was allowed by the executor and by the court. The executor's final account shows that he paid Mamie Brunt the sum of $1,488.40 on her claim for alimony out of the income which had accumulated from the headright prior to the death of the decedent, but she objected to the settlement of her claim upon that basis, and objected to the

closing of the estate until such time as her claim could be satisfied in full from the income accruing from the headright. The county court held against her, and she appealed to the district court, where the judgment of the county court was affirmed. From said judgment she brings this appeal.

In the case of De Noya et al. v. Arrington, Ex'r, et al., 163 Okla. 44, 20 P. 2d 563, this court held, as set out in the syllabus, as follows:

"There is no act of Congress providing for the sale, incumbering, or alienation of headrights by those of Indian blood. See In re Irwin, 60 F. 2d 495.

"The income accruing to the headright of a deceased Osage allottee subsequent to the death of such allottee is not an asset of the estate of such decedent which can be appropriated for the payment of the claims of creditors."

This court has never recognized any other interpretation of the Act of Congress of March 2, 1929, section 4 (45 Stat. 1478, 1480), notwithstanding its deferential attitude in disposing of the appeal in the case of Bruce v. Evertson, 180 Okla. 111, 68 P. 2d 95, as a companion case of Globe Indemnity Co. v. Bruce, 81 Fed. 2d 143, both involving the headright of Maud Bruce, a member of the Osage Tribe. In the more recent case of Tucker v. Brown, Adm'x, 185 Okla. 234, 90 P. 2d 1071, we held:

"The income accruing to the headright of a deceased full-blood Osage allottee, who had a certificate of competency, subsequent to said allottee's death and prior to final settlement of his estate, is not an asset of the estate subject to the payment of the claims of general creditors of the deceased allottee."

The plaintiff in error contends that she is more than a mere general creditor by reason of the fact that her judgment is for alimony, maintenance and support, and that because of the nature of her claim she is entitled to payment of same out of the income accruing to the headright of the deceased allottee. She cites Commons v. Bragg, 183 Okla. 122, 80 P. 2d 287, to distinguish her claim from that of a general creditor, but cites no authority holding that a judgment for alimony is payable out of headright income. In the absence of an express provision in the federal statute subjecting headright income to the payment of alimony judgments, there is no basis for a claim of this nature.

The judgment of the district court of Osage county affirming the judgment of the county court of said county directing the closing and distribution of the estate of Joseph L. Brunt, deceased, is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and GIBSON, JJ., concur.