**Richard TREVINO, Petitioner,**

**v.**

**Honorable Joe CANNON, former Vice-Chief Judge, and Honorable Raymond Naifeh, Vice-Chief Judge, and their successors in the position of Vice-Chief Judge of the District Court of Oklahoma County, Judicial District Number Seven, Respondents.**

**No. 49118.**

Supreme Court of Oklahoma.

Dec. 23, 1975.

Marilyn Staats, James H. Hiatt, Oklahoma City, for petitioner.

Gary Shores, Oklahoma City, for respondents.

LAVENDER, Justice:

August 15, 1975, Jennie Trevino, as plaintiff, brought a divorce action against her husband, Richard Trevino (petitioner or Trevino), as defendant. Summons issued but defendant not found. October 31, 1975, petition was amended to include as party defendant, Southwestern Roofing and Sheet Metal Company, the husband's employer. That date alias summons issued as to Trevino. The district court also issued a temporary and ex-parte order directed to the employer requiring the withholding of payment of all wages and earnings of Trevino until further order of the court and advised of a show cause hearing on the order for November 19, 1975. Order served on the employer. The alias summons and order was not served on

Trevino. He was not found. Trevino, advised of the order and hearing by his employer, appeared specially and by counsel at the show cause hearing. He attacked the jurisdiction of the court to issue and enforce the temporary order. District court allowed the order to stand and refused Trevino's oral motion to quash or lack of jurisdiction.

Trevino, as petitioner, brings this original action on application for this court to assume original jurisdiction, and issue writ of prohibition against the enforcement of the temporary order. We assume original jurisdiction.

Black's Law Dictionary, 4 ed., 1968, West Pub. Co., p. 810, defines "garnishment" as "a warning to a person in whose hands the effects of another are attached, not to pay the money or deliver the property to him, but to appear and answer the plaintiff's suit." We believe the temporary and ex-parte order here was a garnishment of wages. Garnishment in Oklahoma is the subject of special statutes and procedure. 12 O.S.1971, § 1171 et. seq. as amended Laws 1974, c. 71 § 1 et seq. Section 1171.1 provides:

"Money that was earned by a natural person as wages, salary, bonus or commission for personal services shall in *all cases* be exempt from garnishment issued before judgment of the trial court." (Emphasis added.)

Respondent argues the order is authorized and proper under 12 O.S.1971, § 1276 for this is a divorce action. That section restrains the disposition of the property of one of the parties.

We find 12 O.S.1971, § 1276 to be in nature a general statute which could affect all property of either party in a divorce action; that earned wages is a form of property; but garnishment of wages is controlled by special statute and procedure, 12 O.S.1971, § 1171 et. seq. as amended Laws 1974, c. 71 § 1 et seq. This court in *Parks v. Stith*, 204 Okl. 625, 232 P.2d 614, 617 (1951) quoted from *Commerce Trust Co.,*

*Kansas City, Mo. v. Morris,* 157 Okl. 127, 11 P.2d 183, 184 (1932):

"A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject-matter, prevails over a general statute which does not refer to the particular subject-matter, but does contain language which might be broad enough to cover the subject-matter if the special statute was not in existence."

We hold the garnishment statutes and proceedings control. It is admitted no effort was made to comply with them. Section 1171.1 prohibits pre-judgment garnishment of personal wages. Section 12 O.S. 1971, § 1276 is not controlling. The ex-parte and temporary order withholding petitioner's wages and directed to his employer is invalid and enforcement of that order is prohibited.

Original jurisdiction assumed and writ of prohibition granted.

DAVISON, IRWIN, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., concurs in result.

WILLIAMS, C. J., and BERRY, J., dissent.

BERRY, Justice (dissenting)

32 O.S.1971 § 3, imposes a duty upon the husband to support his wife:

"The husband must support himself and his wife out of the community property or out of his separate property or by his labor. * * *"

12 O.S.1971 § 1276, provides in part:

"After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court * * * may make and enforce by attachment such order to restrain the disposition of the property of the parties or of either of them, and for the * * * support of the wife or husband during the pendency of the action, as may be right and proper * * *"

In *Autry v. District Court of Muskogee County,* Okl., 459 P.2d 865, we stated:

"* * * It is too well settled to require citation of authority that in a divorce action the court has jurisdiction to enforce the duty of the husband to provide necessary support while the marriage relation continues (alimony pendente lite) * * *"

In *Commons v. Bragg*, 183 Okl. 122, 80 P.2d 287, we considered a somewhat similar situation.

There the wife sought to attach a workmen's compensation check payable to her husband which was in possession of an attorney. The husband resided out of state. A statute provided such awards were exempt from claims of creditors and remedies for recovery or collection of a debt. There we stated:

"* * * It would indeed be anomalous to hold that by reason of the exemption from claims of creditors * * * the injured employee could avoid his obligation to support and maintain his wife and children when in fact the exemption was to assure them, as well as the husband, the necessities of life during his disability."

Numerous jurisdictions have adopted statutes similar to 12 O.S.1971 § 1171.1. It is generally recognized that purpose of such statutes is to protect wage earner and his family from pre-judgment garnishment which tends to put a strain on a wage earner and his family by freezing a portion of his wages before he has had an opportunity to raise any defenses. Comment Wage Garnishment: Reform of the Law in Kansas, 18 Kan.L.Rev. 925, at 926; Wage Garnishment in New Mexico—Existing Debtor Protections Under Federal and State Law etc., 1 N.Mex.L.Rev. 288, at 394.

In *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, the Supreme Court held unconstitutional a garnishment statute which permitted garnishment of wages prior to time employee had notice and opportunity to be heard. The court held there was nothing in that case which required special protection to a state or creditor interest. That court emphasized it was not only protecting wage earner, but also protecting his family. It referred to burden pre-judgment garnishment placed upon "wage earners with family to support", and that pre-judgment garnishment of type involved in that case "may as a practical matter drive a wage-earning family to the wall." The court recognized there may be extraordinary situations which require summary proceedings. 395 U.S. at 339, 89 S.Ct. at 1821.

I would also note federal statute [15 U.S.C. § 1671] which limits amount of wages which may be garnisheed. The history of that Act indicates one of its purposes is to "insure support for families." 1968 U.S. Code Cong. & Admin.News, p. 197ℓ. The Act limits amount of wages which may be garnisheed but contains specific exclusion for court orders requiring one to support another person.

Therefore, it is my conclusion purpose of § 1171.1 and similar statutes is to protect wage earning families from deprivation of wages prior to time judgment has been entered.

Since the purpose of § 1171.1 is to protect wage earning family, it should not be used to protect wage earner while rest of family starves because they are unable to obtain service on him. See *Commons v. Bragg,* supra. Therefore, it is my opinion § 1171.1 did not repeal § 1276, supra, insofar as § 1276 permits trial court to attach or garnishee wages of husband for purpose of providing support for wife in cases where wife is unable to obtain service on husband.

This Court has never hestitated to allow wife to attach property of husband in hands of third person when husband was not resident of this State. In *Commons v. Bragg,* supra, we stated:

"* * * In *Hamil v. Hamil*, 106 Okl. 14, 232 P. 823, and followed in *Haddad v. Haddad,* 152 Okl. 264, 4 P.2d

110, this court said: 'Where the plaintiff, a resident of this state, brings suit for divorce and alimony, and alleges that the defendant is a nonresident, but has property within the jurisdiction of the court, describing same in her petition and publication notice, and obtains service by publication, she may make any person having possession of the defendant's property, or holding the same in trust for him, a party to such action for the purpose of applying the property in payment of the alimony that may be awarded her, and this will be sufficient seizure of the property to give the court jurisdiction of same, and to render judgment for alimony against the defendant.' "

I am of opinion same rule should be applicable in situations such as this where husband is resident but wife is unable to obtain service upon him.

I recognize 12 O.S.1971 § 1171.1 states it is applicable in all cases.

However, in *Board of Education of City of Okmulgee v. State Board of Education*, 201 Okl. 32, 200 P.2d 394, we stated:

"Inapt or incorrect choice of words will not be construed and applied in such manner as to destroy the real and obvious purpose of an act of the legislature."

In *Bell v. United Farm Agency*, Okl., 296 P.2d 149, we stated:

" * * * Courts will not follow the letter of a statute when it leads away from the real intent and purpose of the Legislature and to conclusions which are inconsistent with the general purpose of act. * * *"

In *Carlile v. National Oil & Development Co.*, 83 Okl. 217, 201 P. 377, we stated:

"A statute should receive a rational, sensible interpretation, one which tends to avoid or remove the mischief at which it was leveled and to accomplish the object sought by the legislative body which enacted it, rather than one which promotes or permits the evil and avoids the accomplishment of the purpose of the enactment."

In *Brown v. Miller*, 89 Okl. 287, 215 P. 748, we held in paragraphs 4 and 5 of the syllabus:

"4. The rule is established, a thing within the intention is regarded as within the statute, though not within the letter, and a thing within the letter is not within the statute unless within the intention.

"5. Implied repeals are not favored."

Therefore, I am of opinion writ of prohibition should not be granted.

I dissent.