ST. LOUIS-SAN FRANCISCO RY. CO. v. GOCHENHOUR.

No. 34913.   Oct. 28, 1952.

*249 P. 2d 728.*

Rainey, Flynn, Green & Anderson, Oklahoma City, for plaintiff in error.

Howard K. Berry and Ted Foster, Oklahoma City, for defendant in error.

CORN, J.  This action was originally instituted in the district court of Oklahoma county by the administrator of the estate of A. S. J. Hill, deceased, to recover damages for personal injuries allegedly sustained in the derailment of a train on February 7, 1947, in the State of Missouri.  Hill was a Pullman porter on the train at the time of the derailment.  On April 28, 1948, Hill died at his home in Oklahoma City, and the action, which had been brought for personal injuries, during his lifetime, was revived by his administrator and tried.  The record, and the briefs, contain various pleadings and references to them which are not particularly pertinent to the appeal issues.  The first action was filed on July 8, 1947; while it was pending, and on April 28, 1948, Hill died; on June 16, 1949, the administrator of Hill's estate filed a suggestion of death and motion to revive action and on the same date without the consent of the defendant the trial court entered a forthwith order reviving said cause in the name of the administrator; a motion was filed to vacate the revivor order; the motion to vacate was sustained and the order reviving was set aside; the administrator was granted leave to file an amended suggestion of death and motion to revive which was heard by the court and sustained; the issues were then joined with the administrator as plaintiff; the trial to a jury resulted in a verdict in favor of plaintiff.  Alleged error by the court in its treatment of the application to revive, and the resistance made against it, constitutes the basis for this appeal.

Both parties rely upon 12 O.S.A. § 1072 (1951) to justify their positions. The appellant says revivor was unauthorized because this section says "An

order to revive *** shall not be made *** after the expiration of one year from the time the order might have been first made; * * *". The appellee says justifiable cause existed for a delayed application, and that the court's action, permitting the filing, was authorized by the language "*** for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter." The entire section provides:

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased, in the meantime, the order of revivor, on both sides, may be made in the period limited in the last section: provided, that where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

This section has but two limitations upon the imperative requirement that the application to revive must be made within one year, and those are, first, that the death of the party be not known to the one who has the right to revive the action, and, second, for other unavoidable reasons, and under those circumstances the trial court is permitted to revive the cause within a reasonable time thereafter.

There is but one conclusion to be reached where the intent of the statute is concerned. The language "or for other unavoidable reasons the court may permit," along with the clause "within a reasonable time thereafter," leaves the final determination, in a proper case, to the discretion of the trial court.

Hill died on April 28, 1948. Under the most favorable circumstances an administrator could have been appointed on that same day. Under that portion of the controverted section of the stat-ute which contains the language "shall not be made * * * after the expiration of one year from the time the order might have been first made," the time for reviving, or entering the revivor order, expired on April 28, 1949. The application to revive was filed on June 16th, approximately six weeks beyond the expiration of the year from the time the order might have first been made. However, it was filed before a year expired from the date the administration was actually brought.

The trial court, taking evidence on these issues, decided that the plaintiff's application was filed within time, under the provisions of section 1072. It would be conclusive, therefore, that the trial court found that there were "other unavoidable reasons" for the application not being filed within the time allowed by the statute. Otherwise, the application would have been denied. The trial court is vested with discretion, on these points, according to the plain language of the statute. Did the court, in this case, abuse its discretion? From the record it appears that the applicant was an uneducated woman who worked as a dishwasher. According to her brief, she was a negro. There were peculiarities in the course of events following her husband's death which included conversations with the decedent's employer at the Pullman Company office. This may have indicated to the court that she was lulled into a sense of false security while time, otherwise valuable to her, slipped away. There was testimony that she was ill, and nervous, and not in a condition of mind to transact business. It is possible that none of these conditions interfered with the delayed filing of the administration on the decedent's estate, and the resulting delay in fixing the day when the order could have been first made. On the other hand, they could have interfered in various ways or they could have influenced the course pursued, and the court hearing the evidence concluded that they did interfere. The trial court saw and heard

the witnesses, and the time beyond the ultimate one year limit was not great.

The statutory proviso now contained in 12 O.S. 1951 § 1072 first appears in Revised Laws of Oklahoma 1910 where it is shown as a proviso in section 5294. It was carried forward identically in O.S. 1941 and in O.S. 1951. There is very little said of this proviso in any of our former decisions and the exact question here involved seems not to have been presented before.

Here the trial court observed the parties, heard the evidence above mentioned and made the finding heretofore stated. Also the trial judge had before him the files in the case. It is indicated that at least for some period of time the widow thought the case was settled or that there was some agreement to settle it and the case was further complicated by a motion pending at Hill's death to discharge counsel or to change counsel in the case. The determination of the trial court that there were "other unavoidable reasons" for not reviving in one year from date of death was, of course, based on a consideration of all matters presented, as was the conclusion to therefore permit revivor within a reasonable time after expiration of the year after death. It is that determination that we are asked to reverse.

However, this court does not determine such facts in the first instance. Our jurisdiction is appellate. We review discretionary acts to see if there is disclosed an abuse of discretion.

The plaintiff in error cites no authority which would guide us to a reversal here, and since the point is important, we briefly review the authorities cited by plaintiff in error and some others.

In addition to citing the statutes the plaintiff in error cites and relies for reversal on three former decisions: Glazier v. Heneybuss, 19 Okla. 316, 91 P. 872; Chouteau v. Hoss, 118 Okla. 76, 246 P. 844, and Davis v. Ball, 186 Okla. 39, 96 P. 2d 34.

In the Glazier case this court did apply the one year limitation period and affirmed the action of the trial court in denying revivor after the expiration of one year. However, in that decision we construed and applied the 1903 statute before the law contained any proviso such as is here involved.

In the second cited case, the Chouteau case, the plaintiff died in 1912 and plaintiff's son sought to revive the action in 1924. This son was a minor at the time plaintiff died and for several years thereafter. The son contended that the one year's time to revive commenced to run only when he reached his majority. The trial court rejected that contention and this court affirmed. There was no discussion there of the possibility of a revivor under the statutory proviso here involved.

In the third cited case, the Davis case, revivor was sought after expiration of the year, on the theory of lack of knowledge as to the death. The trial court denied revivor and this court affirmed, pointing out wherein the record disclosed that there was knowledge of death in ample time to revive, and we held that the trial court did not abuse its discretion. There was no contention there or any discussion of revivor after the year "for other unavoidable reasons."

Thus neither of the cited cases guides us in the application of the statutory proviso to the facts and circumstances in this case. The same observation is justified as to our former decisions in Youts v. Tri-State Supply Co., 202 Okla. 240, 211 P. 2d 1017; Edwards v. Asher, 95 Okla. 39, 217 P. 869; Fabian v. Griesel, 181 Okla. 137, 73 P. 2d 180; and Baker v. Deichman, 185 Okla. 452, 94 P. 2d 246.

The only way the statutory proviso may be given any meaning is to follow the indicated rule that the trial court is vested with discretion in the applica-

tion of the proviso in a case where revivor is sought after expiration of the one year period; and that must be the legislative intent expressed by the words used. If that proviso does not contemplate hearing and determination by the trial court in its discretion, then in our view it has no meaning. No authority is cited contrary to our conclusion here reached.

In the absence of an apparent indication that discretion has been abused, and the decision reached is against the clear weight of the evidence, this court will refrain from disturbing the judgment of a trial court. Williams v. Downing, 185 Okla. 633, 95 P. 2d 612; McCubbins v. Simpson, 186 Okla. 417, 98 P. 2d 49. There is no such absence of logical reasoning or appearance of irregularity in the lower court's decision as would justify interference with its judgment in this case. The judgment is, therefore, affirmed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, and O'NEAL JJ., concur. GIBSON, J., dissents.