## WOODS v. PHILLIPS PETROLEUM CO. et al.

No. 35297.   Dec. 2, 1952.

*251 P. 2d 505.*

Rizley, Tryon & Sweet, Guymon, for plaintiff in error.

R. L. Foster and Harry D. Turner, Bartlesville, and E. H. Foster, T. M. Blume, and J. V. Peacock, Amarillo, Tex., for defendant in error Phillips Petroleum Company.

Lamar & Bailey, Guymon, for defendants in error Phillips Petroleum Company and Perry .Wall.

H. C. Crandall, Alva, for defendant in error L. W. Myers.

HALLEY, V.C.J.  Phillips Petroleum Company, L. W. Myers, and Perry Wall

filed this action to quiet title to 160 acres of land in Texas county, Oklahoma, against C. E. Woods. Plaintiffs alleged that they had entered into possession of the land under a resale tax deed issued to L. W. Myers May 14, 1941, filed for record June 2, 1941, and that L. W. Myers had conveyed the surface rights to Perry Wall and executed an oil and gas lease to Phillips Petroleum Company. Plaintiffs also alleged title by prescription under the one-, two-, and five-year statutes of limitation.

C. E. Woods filed an answer and cross-petition in which he alleged the invalidity of the resale tax deed under which plaintiffs claimed, principally because the land was sold for the last quarter of 1940 taxes (not due when the first publication of notice of sale appeared), and tendered all taxes, interest, penalty and costs necessary to redeem the land. He prayed that the resale tax deed and all conveyances based thereon be canceled, and set out the deed to him from a former owner. He prayed that his title be quieted to an undivided one-half interest in the land. In a second cause of action he prayed for an annual rental for the years 1942 to 1950, the years during which he had been deprived of the use of the land by plaintiffs, thus admitting the possession of the plaintiffs during those years.

The plaintiffs demurred to the answer and cross-petition of C. E. Woods and alleged that any claim he might have had to a one-half interest in the land was barred by the five-year statute of limitations provided in sec. 93, 12 O.S. 1951 (as amended in 1949), barring an action to recover land sold for taxes unless commenced within five years from the date of recording the tax deed, regardless of whether the tax deed be valid or void. The court sustained the demurrers, and upon the election of defendant to stand upon his answer and cross-petition, judgment was rendered for the plaintiffs, and defendant has appealed. We shall refer to the parties as they appeared in the trial court.

Defendant contends that the resale tax deed under which plaintiffs claim is void and a nullity and could not put in motion any statute of limitations. There is no question but that prior to the 1949 amendment above mentioned this court had so held in many cases. In Lowenstein v. Sexton, 18 Okla. 322, 90 P. 410, it was held by our Territorial Supreme Court that a tax deed void on its face could not put in motion a statute of limitations. One of the most recent cases holding to the same effect is Bridwell v. Goeske, 200 Okla. 244, 192 P. 2d 656.

Prior to the 1949 amendment to sec. 93, above mentioned, the contention of the defendant would have had to be sustained. The applicable portions of 12 O.S. 1951 §93, as amended in 1949, are as follows:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter.

"1. * * *

"2. * * *

"3. An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed.

"4. * * *

"5. * * *

"6. Numbered paragraphs 1, 2, and 3 shall be fully operative regardless of whether the deed or judgment or the precedent action or proceeding upon which such deed or judgment is based is void or voidable in whole or in part, for any reason, jurisdictional or otherwise; provided that this paragraph shall not be applied so as to bar causes of action which have heretofore accrued, until the expiration of one (1) year from and after its effective date. As amended Laws 1945, p. 37, Sec. 1; Laws 1949, p. 95, Sec. 1."

Prior to the 1949 amendment, sec. 93 had provided in subdivision 3 that actions to recover land sold for taxes should be brought within two years after the date of recording tax deed. The resale tax deed upon which plaintiffs originally based their claim was filed for record June 2, 1941. The 1949 amendment above referred to became effective April 18, 1949. This action was filed December 11, 1950, and the answer and cross-petition of defendant was filed February 28, 1951, being more than one year after the effective date of the 1949 amendment and nine years after the resale tax deed was filed for record.

The language of the foregoing statute is clear. In re Martin's Estate, 183 Okla. 177, 80 P. 2d 561, it is said in the first syllabus:

"Where language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and courts cannot search for its meaning beyond the statute itself."

It is interesting to note that the provision of sec. 93, supra, fixing a five-year period within which actions should be brought to set aside executors', guardian's and sheriff's deeds, was approved by this court in numerous decisions and held to apply without regard to whether such deeds or the proceedings on which they were based were void or voidable. Allen v. Warner, 105 Okla. 129, 232 P. 61; Goslen v. Waddell Investment Co., 145 Okla. 269, 292 P. 362; Stolfa v. Gaines, 140 Okla. 292, 283 P. 563. In Allen v. Warner, supra, it was said in the body of the opinion:

" * * * However, statutes of limitations, made in its wisdom by the Legislature, for the repose of titles, are in the interest of an enlightened public policy and must be applied."

Defendant contends that his cause of action is not barred because of the provisions of the statute on counterclaims, being 12 O.S. 1951 §273, a portion of which is as follows:

"Such set-off or counterclaim shall not be barred by the statutes of limitation until the claim of plaintiff is so barred."

The case of Clark v. Duncanson, 79 Okla. 180, 192 P. 806, is cited as supporting this contention. That case was decided in 1920 and was an action to quiet title by the holder of a tax deed. The former owner filed an answer and cross-petition attacking the validity of the tax deed. At that time the one-year statute was in effect and the cross-petition was filed more than one year after the tax deed was recorded. The court held that sec. 273 was applicable and that the claim of the former owner was not barred until the claim of the holder of the tax deed was barred.

However, the decision in Clark v. Duncanson, supra, was distinguished at a later date in Stolfa v. Gaines, 140 Okla. 292, 283 P. 563, and in McGowan v. Carlton, 143 Okla. 106, 288 P. 338, decided in 1930. In the latter case it was said in the syllabus:

"Where the owner of real estate by prescription institutes a suit to quiet title thereto against the claims of the former owner of the land and asserts his title thereto by prescription the issue presented by petition is occupancy of the land for the prescribed period of time; and where the former owner files an answer setting up his deed disclosing his record title to the land, the claim of the defense is not germane to the issue presented by the petition and does not constitute a 'counterclaim' or 'set-off.' "

In Moore v. Kennedy, 196 Okla. 455, 165 P. 2d 832, decided in 1946, it was said in the body of the opinion:

"In Stolfa v. Gaines, 140 Okla. 292, 283 P. 563, and again in Mansfield-Brunson-Kemp & Ahrens v. King, 160 Okla. 243, 16 P. 2d 87, we held that a cross-petition in an action to quiet title did not constitute a counterclaim within the meaning of the proviso in Sec. 273, supra, and that plaintiff could plead the statute of limitations against the cause of action plead in the cross-petition."

In Stolfa v. Gaines, supra, it was said that "the right of the owner of real estate in possession thereof to maintain a suit to quiet title thereto is never barred, but continues as long as the cloud remains on the title (citing Whitehead v. Bunch, 134 Okla. 63, 272 P. 878, and other cases). Sec. 274 (ref. to 1921 O.S.), Id., contemplates rights that may be barred by the statutes of limitation and was never intended to apply to rights that will never · be barred."

Again, in Clark v. Duncanson, supra, it was said:

"The whole litigation revolves around the validity of plaintiff's tax title, and not around defendant's title."

In Whitehead v. Bunch, supra, the second syllabus said:

"An action to quiet title, where plaintiff has been in continuous possession of the property, claiming ownership therein, can be maintained at any time, and no statute of limitation bars his right to the relief sought."

We conclude that the ruling in Clark v. Duncanson, supra, is not applicable here and that the true rule has been announced in more recent decisions where the plaintiff has been in possession and claims title by limitations against any claim of the former owner, and does not rely entirely upon a tax deed under which he entered into possession. It is clear that the right of plaintiffs in the case before us to bring an action to quiet title is never barred. It follows that the cross-petition or counterclaim mentioned in sec. 273, supra, was never intended to preserve forever the right of a former owner to seek to recover the land.

Defendant says that a statute such as sec. 93, supra, as amended by the 1949 Legislature, giving one the right to acquire title by prescription when possession is gained under a void tax deed, violates the Due Process Clause of our Constitution. No case is cited in support of this contention. So far as we know this court has not passed directly upon sec. 93 as amended, but the Court of Appeals for the Tenth Circuit cited sec. 93, as amended in Wolfe v. Phillips, 172 F. 2d 481, with approval, and in the body of the opinion said:

"A state may constitutionally shorten the periods of limitations fixed by previously existing statutes and make the amended statute applicable to existing causes of action, provided it affords a reasonable time within which suits for such * * * causes may be commenced. What is a reasonable time is for the determination of the Legislature, and the court will not interfere with the legislative discretion unless the time allowed is so manifestly insufficient that it amounts to a denial of justice. Sec. 93 as amended, set out in note 3, provided 'that where any such action pertains to real estate sold * * * pursuant to partition proceedings * * * and would at the passage of this Act be barred by the terms hereof, such action may be brought within one (1) year after the passage of this Act.' "

It was further said in that opinion:

"The five-year period of limitation fixed by Sec. 93, as amended, began to run upon the recording of the deed to Rounsavall on November 25, 1936, and the instant action became barred on November 25, 1941, irrespective of whether such deed was valid or void."

In support of the above holding the court cited Stewart v. Keyes, 167 Okla. 531, 30 P. 2d 875, decided by this court in 1934, which involved an action to set aside a guardian's deed claimed to be void, after more than three years after the recording of the deed. Sections 99, 100, and 1444 of the 1931 Statutes were then in effect. The court said:

"The right of the plaintiff to have the guardian's deed in question cancelled was barred by the applicable statutes of limitation prior to the commencement of this action, even though, as contended by the plaintiff, that deed was void." (Citing numerous decisions · of this court and the Supreme Court of the U.S.)

The court quoted from Wood v. Carpenter, 101 U.S. 135, 25 L. Ed. 807, as follows:

"Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together."

The 1949 amendment to sec. 93 extends the period in which one may commence an action to recover land sold for taxes from two years to five years, and provides a period of one year within which actions then barred may be brought. It makes the five-year-period applicable to tax sales and certain other proceedings on which deeds are based, regardless of whether the tax sales or other proceedings on which deeds are based are valid or void. We do not believe that the 1949 amendment is violative of the Due Process Clause of the Constitution.

The judgment of the trial court is affirmed.

CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur. WELCH and DAVISON, JJ., dissent.