MID–CONTINENT PIPE LINE COMPANY, a Corporation, Plaintiff in Error,

v.

STEPHENS COUNTY, Oklahoma, EXCISE BOARD, Defendant in Error.

No. 37799.

Supreme Court of Oklahoma.

June 18, 1957.

Mastin Geschwind, Oklahoma City, for plaintiff in error.

Jerome Sullivan, Jr., Asst. County Atty., Stephens County, Duncan, for defendant in error.

WELCH, Justice.

The parties to this action will be referred to as they appeared below, as protestant and protestee. This action was commenced in the Court of Tax Review on October 17, 1956, by the filing of a protest therein, wherein it was alleged that the tax levy for the fiscal year beginning July 1, 1956, for dependent School District No. 55, Stephens County, was illegal, excessive and void. The protest alleged that the 19.50 mills rate of levy for the general fund of dependent School District No. 55 should be reduced to the extent of 1.49 mills; that a total of $11,182.11 was appropriated and authorized to be expended from the general fund of said district, and that said appropriation is excessive to the extent of $662.-62.

The Court of Tax Review denied the protest and it is from that judgment this appeal was filed.

The protestant and prostestee have both stated in their respective briefs that there is only one question for this court to determine; whether the said school district in preparing its budget was authorized by law to claim income derived from "oil and gas royalty and leases" in the estimate as minimum program income for the current year?

It is agreed by protestee that in event this question is decided in the negative, then all other contentions of the protestant are correct and should be upheld.

The protestant argues that the proceeds from the sale of oil and gas produced from the lands of the district were unlawfully es-

timated as probable income, for the reason that such is revenue from non-recurring sources, and therefore were improperly included in the minimum program income of said district.

The question thus presented is one of statutory construction. As has often been said, the cardinal rule in such cases is to ascertain and give effect to the legislative intention. Russett School District No. C–8 of Johnston County v. Askew, 193 Okl. 102, 141 P.2d 575; Sheridan Oil Co. v. Superior Court of Creek County, 183 Okl. 372, 82 P.2d 832. That intention is to be first sought in the language of the statute itself, and if it is there plainly expressed it must be followed without further inquiry. Martin v. Carman, 183 Okl. 177, 80 P.2d 561.

68 O.S.1955, Supplement, Laws 1953, Sec. 286.1, p. 325, provides:

"Revenue from nonrecurrent sources not to be included in estimate of probable income—Exclusions from minimum program income of school districts.—It shall be unlawful for the governing board of any county, city, town, school district, or other governmental subdivision of this State, in preparation of its budget for any fiscal year, to estimate as probable income from sources other than ad valorem tax of such governmental subdivision of the State and other than any excise or other tax assessed by Legislative Enactment and distributed in lieu of ad valorem taxes, any revenue from nonrecurrent sources, regardless of such collections in the immediately preceding fiscal year or of like probability whether immediate or remote of such collections in the ensuing fiscal year, to be derived from or the result of sales, forfeitures, penalties, gifts, Federal Aid allotments of every kind, windfalls, seizures, sheriff's sales, court actions whether civil or criminal, injunctions or protests won or released by dismissal, or from any other such source not normally recurrent year aft-

er year and so made recurrent by Legislative Enactment. * * *"

In the case of Board of Education of Burbank Independent School District No. 20 v. Allen, 195 Okl. 209, 156 P.2d 596, 597, this court held:

"In determining legislative intention words, phrases and expressions will be accorded their ordinary meaning when practical to do so but inapt or inadvertent use of words, phrases or expressions or use of language of doubtful meaning will not be permitted to change or destroy the otherwise clearly expressed intention of the legislature and such words, phrases, or language of doubtful meaning will be construed so as to promote harmony in the various provisions of an act and give practical effect to the legislative intent."

We are of the opinion that the Legislature in preparing this act started out to name the nonrecurrent sources, finding this difficult to do, found a better means of clarifying their intent by including the statement "or from any other such source not normally recurrent year after year and so made recurrent by Legislative Enactment."

In view of this statement it is clearly inescapable that the only construction which could be placed upon this section, is that the Legislature did not intend that any source of income be considered recurrent except those sources specifically made so by legislative enactment.

We are therefore of the opinion and so hold that the income from the sale of oil and gas produced from the lands of the district is not income from a recurrent source, that the judgment of the lower court be reversed and said protest be sustained.

DAVISON, HALLEY, JOHNSON, BLACKBIRD and CARLILE, JJ., concur.

CORN, V. C. J., and WILLIAMS and JACKSON, JJ., dissent.