SPECIAL INDEMNITY FUND of the State
of Oklahoma, administered by the State
Insurance Fund, Petitioner,

v.

Della HAROLD and The State Industrial
Court of the State of Okla-
homa, Respondents.

In the Matter of the Death of
Tom KENNEMER.

No. 40542.

Supreme Court of Oklahoma.

Dec. 22, 1964.

As Corrected Dec. 30, 1964.

Rehearing Denied Feb. 2, 1965.

Mont R. Powell, Fred Nicholas, Jr., Oklahoma City, for petitioner.

Claud Briggs, Oklahoma City, Donald C. Welch, Ponca City, Okla., for respondents.

IRWIN, Justice.

On February 27, 1958, Tom Kennemer recovered an award against the Special Indemnity Fund, referred to as Fund, for $12,000.00. On January 4, 1959, Tom Kennemer died, due to a cause other than the injury for which he had been awarded compensation, and there was a balance of approximately $5,937.50, yet to be paid to Tom Kennemer on said award.

On February 15, 1962, Della Harold, a non-dependent sister of the decedent, filed a motion for revivor of the award under the terms of Title 85 O.S.1961, sec. 48, and Title 12 O.S.1961, sec. 1072. In said motion she alleged that she was the only surviving heir entitled to have the award revived solely for her benefit; and why she had not filed such motion within one year after the death of the decedent; and why the trial tribunal should permit the revivor action within a reasonable time after the expiration of one year as provided by sec. 1072, supra.

The trial judge found that the cause should be revived in the name of Della Harold and ordered the revivor and the balance of the award be paid to her. This order was affirmed by the Court en banc and the Fund challenges the correctness of the award in this proceeding. The Fund's two specifications of error will be set forth, considered and determined under two propositions.

## PROPOSITION I

The Fund contends that since more than one year elapsed between the death of decedent and the time Della Harold filed her motion for revivor, it was error to revive the award when the same was objected to by the Fund.

The record discloses that shortly after the death of decedent, the sole devisee under the terms of a purported holographic will of decedent contacted an attorney for the purpose of making arrangements for the probate of the holographic will. In March, 1961, Della Harold, who lived in Spokane, Washington, was advised by the attorney that he had the purported holographic will and intended to file it and probate the estate; that there was a balance due on the award and the normal procedure for claiming the award would be for the executrix to make the claim for and on behalf of Della Harold.

The record further discloses that in December, 1961, or January, 1962, it was decided that the will of decedent should not be filed and the estate probated because there was no real property and very little personal property belonging to the estate of decedent; that on January 17, 1962, the attorney wrote to Della Harold and advised her there would be no probate proceedings, and that until Della Harold was notified in January, she had no other notice that probate proceedings had not or would not be filed.

Shortly thereafter Della Harold authorized the attorney to file proceedings to have the award of the decedent paid to her; that the Fund was contacted to see if it would consent to the revivor and on its refusal to consent, the motion for revivor was filed on February 15, 1962.

Title 12 O.S.1961, sec. 1072, provides, inter alia, that "An order to revive an action, * * * may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; * * * Provided, that where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

Both parties agree that if Della Harold is the proper party to revive and receive the award (this issue to be considered and determined in Proposition II) that the above statutory provision is controlling as to when she could revive the action after the death of decedent.

■ In St. Louis-San Francisco Ry. Co. v. Gochenour, 207 Okl. 334, 249 P.2d 728, the period of one year expired on April 28, 1949, and the application to revive was filed on June 16, 1949. The trial court granted the revivor and on appeal we affirmed the judgment of the trial court and held:

"A trial court may exercise discretion in deciding issue on 'other unavoidable reasons' and a 'reasonable time,' as those clauses are employed in 12 O.S. 1951 § 1072, on revivor of actions, and unless conclusion reached is clearly against weight of evidence, indicating abuse of discretion, it will not be disturbed on review."

In the opinion we stated that "In the absence of an apparent indication that discretion has been abused, and the decision reached is against the clear weight of the evidence, this court will refrain from disturbing the judgment of a trial court".

■ We have examined the record and can not conclude that the findings of the trial tribunal are against the clear weight of the evidence, indicating an abuse of discretion, in granting the revivor. We therefore affirm that portion of the order granting the revivor in the name of and for the benefit of Della Harold.

## PROPOSITION II

The Fund contends that the State Industrial Court erred as a matter of law in reviving the award in the name of and for the benefit of Della Harold, a non-dependent sister of deceased. To sustain this proposition, the Fund contends that Title 85 O.S. 1961, sec. 48, requires that a sister (or parent or brother) must be a dependent of a decedent before she is entitled to have an award revived in her name and for her benefit.

The issue presented is one of first impression and places squarely for determination the following question: "Where an award has been made to a claimant and he dies, due to a cause other than the injury for which he was awarded compensation, if there be no surviving wife (or dependent husband) or child under the age of eighteen (18) years, or dependent blind or crippled child or children of any age, is a parent or brother or sister of the decedent entitled to the award, as provided by Title 85 O.S.1961, sec. 48, if such parent or brother or sister is not a dependent of the decedent?"

Section 48, supra, provides that * * * an award made to a claimant under the provisions of this chapter shall, in case of death of claimant, due to a cause other than the injury for which he has been awarded compensation, be payable to and for the benefit of the persons following:

"(a) If there be a surviving wife (or dependent husband) and no child of the deceased under the age of eighteen (18) years, to such wife (or dependent husband).

"(b) If there be a surviving child or children of the deceased under the age of eighteen (18) years, or dependent blind or crippled child or children of any age, but no surviving wife (or de-

pendent husband) then for the support of each such child, share and share alike until the full payment of the award.

"(c) If there be a surviving wife (or dependent husband) a surviving child or children of the deceased under the age of eighteen (18) years, or a dependent blind or crippled child or children of any age, one-half shall be payable to the surviving wife (or dependent husband) and the other half to the surviving child or children.

"(d) If there be no surviving wife (or dependent husband) or child under the age of eighteen (18), or dependent blind or crippled child of any age, then to the parents share and share alike, and if no parents, then to the brothers and sisters, share and share alike. * * * "

It is to be noted the above statutory provision specifically requires that a husband and certain other heirs must be dependent on decedent before he or they are entitled to the award but there is no specific statutory provision requiring a parent or brother or sister to be dependent before entitlement. The Fund argues that to say on one hand that the Legislature intended that a surviving husband and certain other heirs must be dependent upon the deceased employee to have an award revived for his or their benefit, but that a parent or brother or sister need not be dependent upon the deceased employee, does not meet any standard of logical justification when one considers the purpose of reviving the award for the benefit of those people who relied upon the deceased for the necessities of life.

 Although we find substantial merit to the theory and arguments advanced by the Fund, we may not concern ourselves with the merits, wisdom or advisability of the Legislative enactment. Our sole concern, as a judicial branch of our government, is to test the law, as measured by our State and Federal Constitutions, and if found constitutionally unobjectionable, the law must be construed and applied as enacted by the Legislature. See Special In-

demnity Fund v. Thompson, Okl., 367 P.2d 1013. In construing a Legislative enactment, the cardinal rule is to ascertain and give effect to Legislative intention. That intention is to be first sought in the language of the statute itself, and if it is then plainly expressed it must be followed without further inquiry. Mid-Continent Pipe Line Co. v. Stephens County Excise Board, Okl., 312 P.2d 883. In Woods v. Phillips Petroleum Corp., 207 Okl. 490, 251 P.2d 505, we quoted with approval In re Martin's Estate, 183 Okl. 177, 80 P.2d 561, wherein we held:

"Where language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and courts cannot search for its meaning beyond the statute itself."

Title 48, supra, employs the word "dependent" nine different times, but in no instance is the word used with reference to a parent or brother or sister. The word "dependent" with reference to parent or brother or sister was omitted in the original amendatory enactment in 1933, (see Okla. Session Laws, 1933, p. 66) and the amendment thereof in 1951. (See Okla. Session Laws, 1951, p. 269). If logical reasoning should dictate the requirement of dependency upon a parent or brother or sister in view of the requirement of dependency upon a husband and certain other heirs, such reasoning may not become a part of our law by judicial decree, but must come through the Legislative processes. It is not the prerogative of the judiciary to impose a requirement when the Legislature has not done so.

 Section 48, supra, is clear and unambiguous with reference to the conditions that a parent or brother or sister is entitled to an award of a deceased employee. It simply does not impose the requirement of dependency on a parent or brother or sister of a deceased employee. We therefore conclude the State Industrial Court did not err in awarding the balance of the award to Della Harold.

Award sustained.

BLACKBIRD, C. J., and DAVIDSON, JOHNSON and· JACKSON, JJ., concur.

HALLEY, V. C. J., and WILLIAMS and BERRY, JJ., dissent.

HALLEY, Vice Chief Justice (dissenting).

I dissent to the majority opinion.

Strict construction of the letter of paragraph (d) of 85 O.S.1961, Sec. 48 results in a conclusion that is inconsistent with the obvious purpose and intent of the Legislature in enacting Sec. 48. More consideration should be given to the entire section. A construction of a statute should, if possible, be avoided which results in a conclusion not contemplated by the Legislature and which is inconsistent with the legislative intent. I would apply a liberal construction to the section, as the last sentence appears to imply the adjective "dependent" in connection with the nouns "parents," "brothers" and "sisters." Section 48 requires the husband of a woman employee whose death resulted from a cause other than that for which she had received a compensation award, and before she received the full sum awarded her by the Industrial Court, to be dependent upon her. Or should the case be that an injured employee die from causes other than the injury for which he had been awarded compensation without having received the same, or a part thereof, leaving no wife and no heirs other than the children over the age of 18 years who are not dependent, blind, or crippled, the award may not be revived for their benefit since such children do not meet the requirements of the Act, but the award abates. The final paragraph "(d)" of Sec. 48, reads:

"If there be no surviving wife (or dependent husband) or child under the age of eighteen (18), or dependent blind or crippled child of any age, then to the parents share and share alike, and if no parents, then to the brothers and sisters, share and share alike."

The quoted language of this part of the statute is plain, but there is other language in the section of which the quotation is a part that creates an ambiguity as to whether the nouns "parents," "brothers" and "sisters" were inferred to mean dependent parents, brothers or sisters. Giving consideration to the entire statute dictates a liberal construction to words of the last paragraph thereof recognizing that there is implied in paragraph "(d)" the same adjective as is expressly contained in the preceding portions of the section.

The fundamental purpose of the Legislature in enacting Workmen's Compensation Laws was to benefit injured workmen and their dependents in order to afford them a living and prevent them from becoming public charges. Cummons v. Bragg, 183 Okl. 122, 80 P.2d 287, 290. Corbin v. Wilkinson, 175 Okl. 247, 52 P.2d 45 shows the recognition by this court of the legislative purpose of extending to the injured workman's dependents, where the workman's death resulted from other causes than for which compensation had been awarded him, in the adding to Workmen's Compensation Laws by Chapter 29, S.L. 1933, 85 O.S.1961, Sec. 48. We there said the protection was extended to protect the workman's dependents, not that it go to his estate where his creditors might reach it. To now say, as in effect the majority says, that it was the legislative intent that a sister who lives far removed from this state, and the place of residence therein of the workman, and to whom the workman owed no duty to support or maintain, should benefit from his death is not only inherently inconsistent in concept with our previous holdings, but is repugnant to the requirements of dependency of closer kin, those in the workman's immediate family. A presumption exists that the Legislature intended to apply the same rule to the different states of fact where they are manifestly within one and the same reason. It is not within a standard of logical justification of the purpose of the Workmen's Compensation Laws to say that

handicapped children of the workman, or if the deceased workman is female, her surviving husband, must be dependent upon her to entitle revivor, as does Sec. 48, but a sister need not be a dependent to be entitled to a revivor of an award. Surely the adjective "dependent" as used elsewhere in Sec. 48 is implied in the section's last sentence in connection with the nouns, "parents," "brothers" and "sisters," of the deceased workman.

The manifest intent of the Legislature will prevail over the literal import of the words of a statute, we said in Huston v. Scott, 20 Okl. 142, 94 P. 512, 35 L.R.A.,N.S., 721, and in Bell v. United Farm Agency, Inc., Okl., 296 P.2d 149, that which is within the intention of the makers of a statute is as much within the statute as if it were within the letter thereof, and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers. See, also, De Hasque v. Atchison, T. & S. F. Ry. Co., 68 Okl. 183, 173 P. 73, L.R.A.1918F, 259. In considering a legislative enactment the cardinal rule is to ascertain and give effect to the legislative intention. A statute may speak as plainly by inference as in any other manner.

Persons must be the dependents of a deceased employee as well as his heirs at law to be entitled to an award of compensation under the death benefits provision itself of the Workmen's Compensation Law. Fox-Vliet Wholesale Drug Co. v. Chase, Okl., 288 P.2d 391; Sample v. State Industrial Commission, Okl., 262 P.2d 889. Is not the requirement of dependency implied or inferred where an award made in favor of an injured workman remains not fully drawn at his death? To say it is not also required would be to say the legislative intent was to enact contradictory provisions, or provisions at variance with the policy of the Workmen's Compensation Law as a whole. The rule of construction according to the spirit of the law is applicable here, as an adherence to the letter only of the isolated paragraph "(d)" of 85 O.S.1961,

Sec. 48 results in inconsonance and absurdity. A construction that an award may be revived by a dependent parent, brother or sister is sensible, practical and liberal.

In this matter it was stipulated that Della Harold was not a dependent. I take that to mean that she was not, nor had she any reasonable future expectancy, at the time of the death of the workman relying on the workman for support or financial aid. She is not therefore a person in whose name and for whose benefit the award may be revived.

The order and award should be vacated.

I am authorized to state that Mr. Justice BERRY concurs in the views herein expressed.