FIREMEN'S PENSION FUND Pursuant to provisions of House Bill 1161, First Regular Session of the Thirty-fifth Oklahoma Legislature (1975), now codified at 36 O.S. 312.1 [36-312.1] (1975), allocations to the Firemen's Relief and Pension Fund and the Police Pension and Retirement System for the 1974 taxable year made subsequent to the effective date of House Bill 1161 should have been computed on the basis of the formula set forth therein, The Attorney General has considered your request for opinion on the following questions regarding House Bill 1161 enacted by the First Regular Session of the Thirty-fifth Oklahoma Legislature (1975): "1. May the Insurance Commissioner satisfy the Statutory requirement for payments to the Firemen's Pension Fund from current revenues OF must premium taxes collected during the year be reserved to satisfy this payment. Does the word 'year' refer to calendar year or fiscal year? "2. May the Insurance Commissioner satisfy the Statutory requirement for payments to the Police Pension and Retirement System from current revenues or are premium taxes collected during the year to be reserved to satisfy this requirement? Do the words 'collected during the year' refer to calendar year or fiscal year? "3. What should the payment be to the Firemen's Relief and Pension Fund for fiscal year 1975? "4. What should the payment be to the Police Pension and Retirement System for the fiscal year 1975?" House Bill 1161 amends 36 O.S. 312.1 [36-312.1] (1974), to provide as follows: "The Insurance Commissioner shall report and disburse all of the fees and taxes collected under Section 624 of this title, and the same are hereby appropriated as follows, to wit: "(a) Sixty-one/sixty-fourths (61/64) of the four percent (4%) taxes collected on premiums collected by insurance companies on fire, extended coverage, tornado, windstorm, cyclone, hail, sprinkler, water damage, explosion, riot, civil commotion, earthquake, ocean marine, inland marine, personal property floater, aircraft physical damage and automobile physical damage insurance in this state shall be allocated and disbursed for the Firemen's Relief and Pension Fund, in the manner provided for in Sections 372, 373, 374 and 376, Title 11 of the Oklahoma Statutes; provided that if such allocation and disbursement is for any reason invalid, said taxes shall be paid to the State Treasurer to the credit of the General Revenue Fund of the state. "(b) Sixty-one/sixty-fourths (61/64) of the four percent (4%) taxes collected on premiums by insurance companies, other than fire insurance companies, on automobile liability and property damage and burglary and theft insurance in this state shall be allocated and disbursed annually to the Police Pension and Retirement System of each city or town of this state having such a system under the provisions of Sections 541 through 541x, Title 11 of the Oklahoma Statutes, in the proportion that the total amount of salaries paid to police officers participating and entitled to participate under the system of each such city or town bears to the total amount of salaries paid to police officers participating and entitled to participate in all such systems, said disbursements to be deposited and expended by each system as and for the same purpose other funds thereof are deposited and expended; provided, that the full sixty one/sixty-fourths (61/64) of the four percent (4%) taxes collected each and every year shall be allocated and disbursed annually to the Police Pension and Retirement Systems, and all taxes collected in excess of the amounts provided shall be paid to the credit of the General Revenue Fund of the state. Any city or town which has established a Police Pension and Retirement System by December 31, preceding the disbursement month of the following June and has less than Five Thousand Dollars ($5,000.00) in its Pension and Retirement System as of December 31 prior to the distribution of funds to all cities or towns shall be brought up to the five-thousand dollar minimum. Funds shall be taken from the total amount to be distributed until such minimum is reached, and the balance of the allocation shall be divided as this section provides. Provided that if such allocation and disbursement is for any reason invalid, said taxes shall be paid to the State Treasurer to the credit of the General Revenue Fund of the state, and it shall be the duty of each such city and town to furnish to the State Insurance Commissioner and/or State Auditor the total amounts of salaries paid by such city or town as hereinabove provided, and such other information as may be necessary to carry out the provisions hereof. "(c) All the balance and remainder of the taxes and fees provided in Section 624 of this title shall be paid to the State Treasurer to the credit of the General Revenue Fund of the state. The Insurance Commissioner shall keep an accurate record of all such funds and make an itemized statement and furnish same to the State Auditor, as to all other departments of this state. The report shall be accompanied by an affidavit of the Insurance Commissioner or the Chief Clerk of his office certifying to the correctness thereof. "Section 2. It being immediately necessary for the preservation of the public peace, health and safety, an emergency is hereby declared to exist, by reason whereof this act shall take effect and be in full force from and after its passage and approval." Title 36 O.S. 624 [36-624] (1971), provides that every foreign and alien insurance company, co-partnership, association, inter-insurance exchange, person or insurer, not a resident of the State of Oklahoma, doing business in the State as an insurance company of any nature or character whatsoever, shall annually, on or before the last day of February, report the total amount of premiums, membership, application, policy and/or registration fees received during the preceding calendar year for the insurance of any and all risks insured within the State. Section 624 further provides for an annual tax of four percent (4%) on all such premiums. The tax is levied on said companies for the privilege of insuring such risks in Oklahoma. Title 36 O.S.Supp. 1974, 629, was enacted by the Legislature in 1972, providing for an estimate to be made each year by each insurer subject to the taxes imposed by Section 624 and further providing for the prepayment of the annual premium tax levied thereby on a quarterly basis during the calendar year with a final accounting to be made on or before the last day of the following February. The sole effect of Section 629 is merely to prescribe a method for the estimate and prepayment of the annual tax levied by Section 624. House Bill 1161 was approved and signed by the Governor on March 25, 1975. The Bill was passed by the Legislature with in emergency clause and by reason thereof became effective immediately upon the signature of the Governor being affixed thereto. The fact that the Bill was passed by the Legislature with an emergency clause is evidence of the intent of the Legislature that provisions thereof become immediately operable and applicable to all allocations and disbursements covered thereunder from and after the effective date thereof, March 25, 1975. The Supreme Court has consistently held the cardinal rule in construing a legislative enactment is to ascertain and give effect to legislative intention. Special Indemnity Fund v. Harold, 398 P.2d 827 (1964). The ascertainment of legislative intent should ordinarily be obtained by consideration of the language of the statute. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Pursuant to provisions of House Bill 1161, First Regular Session of the Thirty-fifth Oklahoma Legislature (1975), now codified at 36 O.S. 312.1 [36-312.1] (1975), allocations to the Firemen's Relief and Pension Fund and the Police Pension and Retirement System for the 1974 taxable year made subsequent to the effective date of House Bill 1161 should have been computed on the basis of the formula set forth, therein. (William Don Kiser)