LIENS
If an individual against whom a mechanic's and materialman's lien is filed complies with the provisions of 42 O.S. 147 [42-147] (1977), by depositing with the county clerk sufficient cash and/or surety bond, the county clerk is required to make proper entry of such action, however, said county clerks are without authority to make the legal determination that such action has the effect of discharging the lien in question. The Attorney General is in receipt of your request for an opinion wherein you ask the following question "When a person against whom a mechanic's and materialman's lien is claimed deposits with the County Clerk in whose office such lien is claimed, cash and/or surety bond in a sufficient amount and in all other respects in compliance with 42 O.S. 147 [42-147], is the County Clerk required to discharge such mechanic's and materialman's lien?" A plain reading of 42 O.S. 147 [42-147] (1977) states in effect that any person against whom a mechanic's or materialman's lien is filed may discharge such lien by following the procedure set forth therein for the deposit of cash and/or surety bond with the county clerk. See Woods v. Phillips Petroleum Company, 251 P.2d 505 (1952). Title 42 O.S. 142 [42-142] (1977)sets forth the duties and responsibilities of the county clerk in maintaining a mechanic's lien journal for recordation of all mechanic's or materialman's liens claimed within said county. This statute reads in part as follows: "Immediately upon receipt of such statement the county clerk shall enter a record of the same in a book kept for that purpose, to be called mechanic's lien journal, which shall be ruled off into separate columns, with headings as follows: when filed, name of owner, name of claimant, amount claimed, legal description of the property, and remarks, and the clerk shall make the proper entry in each column." The obvious legislative intent behind the requirement that the County Clerk keep such a record is to provide proper notice to any interested party of the status of property located within the county subject to mechanic's or materialmen's liens. See State v. Sandfer, Okl. Cr.,226 P.2d 438 (1951). To give the full effect to this act, it is obvious that a county clerk must note in the Mechanics Lien Journal operative facts to show a party has complied with the provisions of 42 O.S. 147 [42-147] (1977). However, it would be inappropriate for said county clerk to include as a part of an entry the legal conclusion that the lien in question is discharged. The act does not authorize such quasijudicial action by a county clerk and in the absence of such express authority, only a court of law can determine the legal effect of action taken under 42 O.S. 147 [42-147]. It is, therefore, the opinion of the Attorney General that your question be answered as follows: If an individual against whom a mechanic's and materialman's lien is filed complies with the provisions of 42 O.S. 147 [42-147] (1977), by depositing with the county clerk sufficient cash and/or surety bond, the county clerk is required to make proper entry of such action, however, said county clerks are without authority to make the legal determination that such action has the effect of discharging the lien in question. (JOHNNY J. AKINS) (ksg)