This will acknowledge receipt of your request for an official opinion of the Attorney General, wherein you inquire: "Are County Commissioners required after taking bids for materials, to purchase those materials from the lowest bidders?" You include in the information submitted with your request the statement, "It has come to our attention that some County Commissioners, after having established the unit price, have purchased these road materials from other than the lowest bidder." Apparently, the bidding process has been used in such counties as a means of establishing a price guide, as opposed to a procurement procedure. Materials are procured by counties under two statutes: 69 O.S. 633 [69-633], 69 O.S. 636 [69-636] (1980). 69 O.S. 633 [69-633](b) (1979) provides for purchases in bulk of road building materials by counties for road maintenance or force account construction projects on the County Highway System. The pertinent part of this provision is: "* * * The board shall, for the purposes stated in this paragraph, advertise for bids on any such bulk item to be purchased where the amount involved will exceed One Thousand Five Hundred Dollars ($1,500.00), by circulation in the county and forwarding of proposals to suppliers of such materials or supplies by direct mail. On the date named in such published notice and direct mailing the board shall consider bids on specified class, grade, size and other designated specifications, named and stated in such notice, which may specify unit rates at which delivery thereof may be had 'when and as needed' within but not beyond the current six-month period nor beyond the term of office of such board; and thereafter, having entered all such bids in its journal and indicated the best responsible bids in such journal, purchases may be made, as needed, in accordance with the best responsible bids so entered, without further bids or advertising for said time period above set forth in any amount; and all requisitions TO SUCH BEST RESPONSIBLE BIDDERS within such period for material of kind, class and character named in the journal as awarded to him shall be deemed to be within the authority granted by this section." (Emphasis added) Section 69 O.S. 633 [69-633] prescribes a mandatory procurement procedure for counties to follow in acquiring road building materials where the amount involved will exceed $1,500. It requires the county to advertise for bids, record all bids received in its journal, indicate the "best responsible" bid in the journal, and finally, the statute requires requisitions to be processed with such "best responsible bidders," using the language, "for material of kind, class and character named in the journal as awarded to him." Clearly, this statute contemplates that the "best responsible bidder" is to be awarded all requisitions in accordance with his/her bid. Where the language of a statute is plain and unambiguous, there is no room for construction, and the statute is to be given its intended effect. Woods v. Phillips Petroleum Co.,207 Okl. 490, 251 P.2d 505 (1953). This merely means that the materials must be procured from the successful bidder. The successful bidder need not be the "lowest" bidder, as the ensuing discussion illustrates. Title 69 O.S. 636 [69-636] (1979) requires competitive bidding for county purchases of highway construction and maintenance equipment and machinery, and corrugated metal or concrete pipe culverts. The statute provides in pertinent part: "* * * All purchases in excess of One Thousand Five Hundred Dollars ($1,500.00) made under the provisions of this section shall be made upon sealed bids and from the lowest and best bidder; * * * as to culvert pipe, all purchases in excess of Four Thousand Five Hundred Dollars ($4,500.00) shall be made from the lowest and best bid." Section 69 O.S. 636 [69-636] goes on to divide the $4,500 minimum for culvert pipe procurement three ways, $1,500 for each county commissioner. As in the case of 633, the purchase must be made from the successful bidder. Again, the "lowest and best bid" is not necessarily the successful bid. The Legislature has prescribed different tests for determining the successful bidder under these two statutes relating to procurement. Under 69 O.S. 633 [69-633], the test is "best responsible bid", while 636 lays down the "lowest and best bid" test. While these tests are different, in actuality, the difference is slight. Under either statute, the amount of the bid is not determinative. The following quotation from 81A, C.J.S., "States", 166, p. 628, would apply to a board of county commissioners in awarding a contract under either 633 or 636: "While submission of the low bid is a factor of great importance and may not be lightly discarded, in making the award, the officers may consider the bidder's skill, his judgment, his general integrity, and his experience and reputation for satisfactory work. The officers may investigate and consider the background of bidders, * * *. "Furthermore, the officers may consider the quality of the goods proposed to be furnished, their conformity to specifications, the purpose for which they are required, and the terms of their delivery. Also, the officers may consider the distance of the bidder's place of business from the place of doing the work and the additional expense and delay consequently entailed." It is, therefore, the official opinion of the Attorney General: (1) A board of county commissioners procuring road building materials or machinery under 69 O.S. 633 [69-633] or 69 O.S. 636 [69-636] (1979), must purchase such materials or machinery from the successful bidder. (2) A board of county commissioners procuring material or machinery under 69 O.S. 633 [69-633] or 69 O.S. 636 [69-636] (1979), is required to award the contract of purchase to the "best responsible bidder" in the case of 633, and the "lowest and best bidder" in the case of 636, but in neither case is the lowest bid absolutely entitled to receive the award of contract. (Floyd W. Taylor)