Dear Senate, Kerr
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. Does the Governor have the power to appoint, as a member ofthe Oklahoma Wheat Utilization, Research and Market DevelopmentCommission, a person who has not been nominated for such positionin compliance with 2 O.S. 1024 (1981)?
 2. If the wheat producers of a district submit a list ofnominees to be the district's member on the Oklahoma WheatUtilization, Research and Market Development Commission, and thelist of nominees contains other than three names, does theGovernor have the power to appoint a Commission member for thedistrict?
 I.
¶ 1 In this opinion "Commission" means the Oklahoma Wheat Utilization, Research and Market Development Commission and "subsection" refers to one of the subsections of 2 O.S. 1024
(1981).
¶ 2 Subsection A provides:
 [T]he Governor shall appoint a Commission to be known as the Oklahoma Wheat Utilization, Research and Market Development Commission who shall advise and direct the director of the Wheat Utilization, Research and Market Development Commission.
¶ 3 Your question is directly concerned with subsection D which provides:
 The Governor shall appoint one member of the Commission for each of the Districts established in Subsection C of this section from lists of three nominees for each of said five (5) Districts as selected by the wheat producers of each District in meetings called by the Oklahoma Wheat Utilization, Research and Market Development Commission. All producers who have paid a fee and left it with the Commission during the current year, as provided in 2 O.S. 1030 of this title, shall be eligible to vote in said meetings for their respective Districts; provided, however, that all wheat producers in the State as defined in paragraph 2 of 2 O.S. 1023 of this title shall be eligible to vote in the selection of nominees for the initial appointments to the Commission. It shall be the responsibility of the producer to prove his eligibility to vote.
(Emphasis added).
¶ 4 When construing an act of the Legislature, the cardinal rule is to ascertain and give effect to the Legislature's intention. That intention is to be sought first in the language of the act itself. If the Legislature's intention is plainly expressed, then it must be followed without further inquiry.Special Indemnity Fund v. Harold, 398 P.2d 827 (Okl. 1964).
 Where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and courts cannot search for its meaning beyond the statute itself.
Id. at 830, quoting from In re Martin's Estate, 80 P.2d 561
(Okl. 1931).
¶ 5 The plain, unambiguous language of subsection D provides that the "Governor shall appoint one member of the Commission for each of the Districts . . . from lists of three nominees . . . as selected by the wheat producers of each District[.]" If the Governor were to appoint, as Commission member for a district, a person who had not been selected by the eligible wheat producers of that district, or whose name did not appear on a list of nominees submitted by the eligible wheat producers of that district, the Governor's action would be in direct conflict with the legislature's clear and unambiguous directive.
¶ 6 Furthermore, the appointment of a person who has not been selected as a nominee by the eligible wheat producers of a district would frustrate the apparent purpose of subsection D. That purpose is to give the eligible wheat producers of this State a voice and a role in determining who shall serve on the Commission. If the Governor were to appoint as Commission member a person not nominated by the eligible wheat producers, the Governor would effectively deprive the eligible wheat producers of the voice and role the Legislature intended them to have. Subsection D contains no language that can be construed to empower the Governor to appoint a person who has not been selected as a nominee by the eligible wheat producers.
¶ 7 In conclusion, the Governor does not have the power to appoint, as Commission member for a district, a person not selected by the eligible wheat producers of that district, or whose name does not appear on a list of three nominees submitted by the eligible wheat producers of that District.
 II.
¶ 8 If the wheat producers of a district submit a list of nominees containing other than three names, does the Governor have the power to appoint a Commission member for the district?
¶ 9 The plain, unambiguous language of subsection D provides "the Governor shall appoint one member of the Commission for each of the Districts . . . from lists of three nominees. . . ." Subsection D does not provide for a list of fewer than three nominees. Nor does it provide for a list of four or more nominees.
¶ 10 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. The Governor does not have the power to appoint, as amember of the Oklahoma Wheat Utilization, Research and MarketDevelopment Commission, a person who has not been selected byeligible wheat producers and named in a list of nominees incompliance with 2 O.S. 1024 (1981).
 2. The Governor does not have the power to appoint a member ofthe Oklahoma Wheat Utilization, Research and Market DevelopmentCommission unless and until the eligible wheat producers of adistrict submit a list of three nominees in compliance with 2O.S. 1024 (1981).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JEFF MIXON ASSISTANT ATTORNEY GENERAL