Dear State Representative Askins
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. When fewer than three qualified individuals express awillingness to serve in a judicial position so that the JudicialNominating Commission does not have three names to submit to theGovernor and the Chief Justice of the Oklahoma Supreme Court asrequired by Section 4 of Article VII-B of the OklahomaConstitution, what is the procedure to be followed by theJudicial Nominating Commission?
 2. May the Judicial Nominating Commission submit fewer thanthree names for nomination?
 3. Must the office be left vacant if fewer than threequalified individuals express a willingness to serve?
¶ 1 Oklahoma Constitution Article VII-B, Section 4 provides:
 When a vacancy in any Judicial Office, however arising, occurs or is certain to occur, the Judicial Nominating Commission shall choose and submit to the Governor and the Chief Justice of the Supreme Court three (3) nominees, each of whom has previously notified the Commission in writing that he will serve as a Judicial Officer if appointed. The Governor shall appoint one (1) of the nominees to fill the vacancy, but if he fails to do so within sixty (60) days the Chief Justice of the Supreme Court shall appoint one (1) of the nominees, the appointment to be certified by the Secretary of State.[1], [2]
Id. (footnotes added). Title 51 O.S. 2001, § 10[51-10](A) sets out the procedure for filling a vacancy in the office of district judge, associate district judge or judge of any intermediate appellate court. Section 10(A) reads in part as follows:
 When a vacancy occurs in the office of district judge, associate district judge, or judge of any intermediate appellate court, the Governor shall, in filling such vacancy, utilize the services of the Judicial Nominating Commission in the manner as provided for in the filling of judicial offices under Section 4, Article 7B of the Oklahoma Constitution.[3]
Id. (footnote added).
¶ 2 The Judicial Nominating Commission has "jurisdiction to determine whether the qualifications of nominees to hold Judicial Office have been met." Okla. Const. art. VII-B, § 3(e).[4]
¶ 3 Your questions require consideration of both constitutional and statutory authority. "`Generally, the provisions of a Constitution are construed using the usual rules of statutory construction.'" City of Guymon v. Butler, 92 P.3d 80, 84
(Okla. 2004) (quoting Cowart v. Piper Aircraft Corp.,665 P.2d 315, 317 (Okla. 1983)).
"In construing a Legislative enactment, the cardinal rule is to ascertain and give effect to Legislative intention." SpecialIndem. Fund v. Harold, 398 P.2d 827, 830 (Okla. 1964); seealso In re Initiative Petition No. 281, State Question No. 441,434 P.2d 941, 951 (Okla. 1967) (ascertaining and giving effect to the meaning of constitutional provisions, as understood by those who framed and adopted the Constitution, is first rule in construing constitutional provisions). "That intention is to be first sought in the language of the statute itself. . . ."Special Indem. Fund, 398 P.2d at 830. "Where language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and courts cannot search for its meaning beyond the statute itself." Id.
(quoting Woods v. Phillips Petroleum Corp., 251 P.2d 505, 507
(Okla. 1952)); see also State ex rel. Ogden v. Hunt,286 P.2d 1088, 1091 (Okla. 1955) (accepting plain, clear and unambiguous wording of a constitutional provision and finding no reason or justification for the use of interpretative devices to fabricate a different meaning).
¶ 4 The plain, unambiguous language of Okla. Const. art. VII-B, § 4 is that "the Judicial Nominating Commission shall choose and submit to the Governor and the Chief Justice of the Supreme Court three (3) nominees." Id. When the word "shall" is used, "it signifies a mandatory directive or command." King v. King,107 P.3d 570, 580 n. 50 (Okla. 2005). If the Judicial Nominating Commission were to submit fewer than three nominees, the Commission's action would be in direct conflict with this clear and unambiguous directive.
¶ 5 "Where the Constitution confers the power to do a particular act and prescribes the means and manner of doing such act, such means or manner is exclusive of all others." McCurtainCounty Excise Bd. v. St. Louis-San Francisco Ry. Co.,340 P.2d 213, 216 (Okla. 1959). The Constitution prescribes the means or manner of filling a judicial vacancy — three nominees shall be submitted to the Governor and the Chief Justice of the Supreme Court by the Judicial Nominating Commission.[5] Okla. Const. art. VII-B, § 4. This means or manner is exclusive of all others, including submitting fewer than three names, and should be followed by the Judicial Nominating Commission.
¶ 6 Because no deadline is set for the submission of the names of the qualified applicants to the Governor and the Chief Justice of the Oklahoma Supreme Court, if fewer than three qualified individuals initially express a willingness to serve in a judicial position, the Judicial Nominating Commission should continue the process until three qualified applicants are obtained whose names may then be submitted to the Governor and the Chief Justice of the Oklahoma Supreme Court.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. When a vacancy occurs in a judicial office, the plain and unambiguous language of Okla. Const. art. VII-B, § 4, requires the Judicial Nominating Commission to submit to the Governor and the Chief Justice of the Oklahoma Supreme Court three nominees who have expressed a willingness to serve in that office.
 2. When fewer than three qualified individuals express a willingness to serve, the Judicial Nominating Commission may not submit fewer than three names. Okla. Const. art. VII-B, § 4.
 3. When fewer than three qualified individuals express a willingness to serve, the Judicial Nominating Commission should continue the process until the constitutional requirement of three qualified nominees is met. Okla. Const. art. VII-B, § 4.[6]
W.A. DREW EDMONDSON Attorney General of Oklahoma
BRINDA K. WHITE Assistant Attorney General
[1] Okla. Const. art. VII, § 3 provides that in the event of a vacancy in the Supreme Court, Court of Criminal Appeals or intermediate appellate court, "the Governor shall, by appointment from said district, fill such vacancy until the next election for State Officers." Id.
[2] Okla. Const. art. VII, § 8(f) states that vacancies in the position of District Judges and Associate District Judges "shall be filled in the manner provided by law." Id.
[3] Title 20 O.S. 2001, § 30.17[20-30.17], also provides as follows:
 In case a Judge of the Court of Civil Appeals dies, retires, resigns, or is removed from office, the Governor shall fill the vacancy by appointment from the congressional district where the vacancy exists of a person having the required qualifications. The Judicial Nominating Commission shall choose and submit to the Governor and the Chief Justice of the Supreme Court three nominees, each of whom has previously notified the Commission in writing that he or she will serve as a Judge if appointed. The Governor shall appoint one of the nominees to fill the vacancy, but if he fails to do so within sixty (60) days the Chief Justice of the Supreme Court shall appoint one of the nominees, the appointment to be certified by the Secretary of State.
Id.
[4] The Judicial Nominating Commission "is empowered only to `submit' names to the Governor[; it] has no authority with respect to filling or declaring vacancies in the office of district judge." A.G. Opin. 02-24, at 138.
[5] Temporary assignments of judges may be made by the Oklahoma Supreme Court. Okla. Const. art. VII, § 6. Also, "[i]f a vacancy occurs in the office of associate district judge, or if an associate district judge becomes unable to perform the duties of his office, as determined by the presiding judge of the judicial administrative district, a special judge may be appointed within the judicial administrative district to hold office for the duration of said vacancy or incapacity." 20 O.S. Supp. 2005, §122[20-122](3). These provisions are intended to apply in situations "where there is in fact a temporary vacancy . . . and not in those cases where the incumbent is permanently absent, disqualified, or incapacitated." A.G. Opin. 70-274, at 275.
[6] According to the records of the Administrative Office of the Courts for the past seven years, in only one instance have fewer than three qualified individuals expressed a willingness to serve in a judicial position. In that instance, upon readvertising the judicial vacancy and extending the deadline for applications, more than three persons submitted their names for consideration. The Judicial Nominating Commission was then able to submit the names of three qualified individuals to the Governor and the Chief Justice of the Supreme Court, and the vacancy was filled.