Dear Executive Secretary, Tommy C. Beavers
¶ 0 The Attorney General has received you letter asking for an official opinion addressing the following question:
Does the Teachers' Retirement System have the authority toinclude interest as part of the member's return of contributionswhen contributions were accepted in error?
¶ 1 To determine if the Teachers' Retirement System has the statutory authority to provide interest with a return of contributions which were erroneously remitted a review of the applicable statutes is in order.
¶ 2 Title 70 O.S. 17-110 (1981) provides in pertinent part:
 Should any charge or error in the records result in any member or beneficiary receiving from the retirement system more or less than he would have been entitled to receive had the records been correct, the Board of Trustees shall correct such error, and so far as practicable, shall adjust the payment in such a manner that the actuarial equivalent of the benefit to which such member or beneficiary was correctly entitled shall be paid, and to take from the Interest Fund sufficient to reimburse the Fund where an overpayment had already been made, and any such overpayment recovered from the member shall be placed in the Interest Fund.
¶ 3 Clearly the Board has the authority to correct errors which result in a member receiving more or less than he was entitled to. However, the statute is silent on the question of interest to be paid to a member if it is the member who has remitted more than was required. The statute is also silent regarding the duty of the Board to pay interest when due to an error a member has been receiving less than he is entitled.
¶ 4 Regarding the question of interest and the payment thereof, the Legislature has provided for the payment of interest to members in limited circumstances, namely at the time the member withdraws his contributions after they have been on deposit a specified length of time, at the death of an active member, or after the death of a retired member who has received a limited amount of retirement benefits.
¶ 5 Specifically 70 O.S. 17-105(7) (1981), as amended, provides in pertinent part:
 Should a member before retirement under this act make application for withdrawal duly filed with the Board of Trustees and approved by it, not earlier than four (4) months after the date of termination of such services as a teacher, the contribution standing to the credit of his individual account in the Teachers' Savings Fund shall be paid to him or, in the event of his death before retirement, shall be paid to such person or persons as he shall have nominated by written designation, . . . . together with interest as hereinafter provided. . . . A member terminating his membership by withdrawal shall have the interest computed at a rate of interest determined by the Board of Trustees and paid to him subject to the following schedule:
 (a) If termination occurs within seven (7) years from the date membership began, no part of such interest accumulations shall be paid.
 (b) With at least seven (7) but less than sixteen (16) years of membership, fifty percent (50%) of such interest accumulations shall be paid.
 (c) With at least sixteen (16) but less than twenty-one (21) years of membership, sixty percent (60%) of such interest accumulations shall be paid.
 (d) With at least twenty-one (21) but less than twenty-six (26) years of membership, seventy-five percent (75%) of such interest accumulations shall be paid.
 (e) With at least twenty-six (26) years of membership, ninety per cent (90%) of such interest accumulations shall be paid.
 In case of death of an active member, the interest shall be calculated and restored to the member's account and paid to his beneficiary.
¶ 6 Title 70 O.S. 17-105.1 (1981) provides:
 In the event the total retirement payments made to a retired member and the retired member's joint annuitant, if any, are less than the member's accumulated contributions with interest as credited at the time of retirement under 70 O.S. 17-105 of this title, the difference shall be paid to the member's designated beneficiary . . . This provision shall apply to retired members dying on or after July 1, 1979.
¶ 7 It is well settled that "the enumeration of specific powers operates to exclude those not enumerated." City of Tulsa v.Midland Valley R. Co., 168 F.2d 252, 254 (10th Cir. 1948), citing City of Tulsa v. Southwestern Bell Telephone Co.,75 F.2d 343, 352 (10th Cir. 1935).
¶ 8 In these provisions (70 O.S. 17-105(7), 70 O.S.17-105.1 (1981)) the authority to pay interest to members is expressly set forth. However, no express provision is made for the payment of interest on contributions remitted in error. In the absence of express authority, an administrative agency is limited to such powers as are necessary or which may be fairly implied from the statute granting the express powers. OklahomaTax Commission v. Fortinberry Co., 207 P.2d 301 (Okla. 1949).
 [G]enerally, an officer or agency has, by implication and in addition to the powers expressly given by statute, such powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers. However, an agency created by statute may only exercise the powers granted by statute and cannot expand those powers by its own authority. (Citations omitted.)
 Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1974).
¶ 9 The issue of a member's overpayment has been addressed by the Legislature in two separate provisions governing the Teachers' Retirement System. As previously discussed, 70 O.S.17-110 obligates the Board of Trustees to acorrect such error."70 O.S. 17-106.3(B) sets forth the fund from which overpayments are to be refunded; it provides in pertinent part:
 All benefits payable pursuant to the provisions of the Teachers' Retirement System of Oklahoma, refunds of contribution and over-payments, and all administrative expenses in connection with the System shall be paid from the Oklahoma Teachers' Retirement Fund upon warrants or vouchers signed by two persons designated by the Board of Trustees.
70 O.S. 17-106.3(B) (1990) (Emphasis added).
¶ 10 No mention is made, in either provision related to overpayment, of the payment of interest. Neither can it be said that the payment of interest is a necessary or implied power inherent to the authority of the Board. Moreover a member who elects to terminate his membership and withdraw contributions which have been correctly remitted may not receive any interest if such termination is made within seven years of membership. See70 O.S. 17-105(7)(a) (1981) as amended. A fundamental rule of statutory construction is to ascertain and to give effect to the Legislature's intent. Mid-Continent Pipe Line Co. v. StephensCounty, Excise Board, 312 P.2d 883 (Okla. 1957). Inasmuch as no reasonable intent on the part of the Legislature can be discerned from the above-referenced provisions related to the payment of interest on an overpayment, the payment of interest by the Board has not been statutorily authorized, and is therefore prohibited.
¶ 11 It is, therefore, the official opinion of the AttorneyGeneral that the Board of Trustees of the Teachers' RetirementSystem is not statutorily authorized by the provisions of 70O.S. 17-101 (1981) et seq., as amended, to pay interest on thereturn of contributions accepted in error.
ROBERT H. HENRY ATTORNEY GENERAL
TAMMY M. THOMPSON ASSISTANT ATTORNEY GENERAL